# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

Civil Action No. 15-183

**DAISY HENSON**
**o/b/o SHANE HENSON,**                                         **PLAINTIFF,**

v.           **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**             **DEFENDANT.**

      Plaintiff Daisy Henson, on behalf of Shane Henson, has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Shane Henson filed an application for disability insurance benefits and supplemental security income benefits in August of 2013, alleging disability beginning in December 2012, due to post-traumatic stress disorder, other mental disorders, back problems, and chronic obstructive pulmonary disease. After initial and reconsidered denials, and a de novo hearing, the claim was denied in February 2016.

      A month later, Mr. Henson passed away from mixed drug toxicity, and his mother, Daisy Henson, was substituted as the claimant.

In July 2016, the Appeals Council remanded the case for further proceedings. Thereafter, Administrative Law Judge Roger Reynolds ("ALJ") conducted another hearing, during which Daisy Henson testified. Betty Hale, an impartial vocational expert ("VE") also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

In March 2017, ALJ issued a decision finding that Plaintiff was not disabled prior to his death.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2012 , the alleged onset date of disability.

At Step 2, the ALJ found that, prior to his death, Mr. Henson had a number of severe impairments, including anxiety not otherwise specified, major depressive disorder, and chronic low back pain secondary to lumbar degenerative disc disease.

Nevertheless, the ALJ determined that, prior to his death, Mr. Henson had the residual

functional capacity to perform a limited range of light work with additional postural, manipulative, environmental, and mental restrictions.

The ALJ ultimately concluded that although Mr. Henson could not have performed his past relevant work, he could have performed other jobs existing in significant numbers and, therefore, was not disabled prior to this death.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find that Mr. Henson's depression and anxiety were "severe" at Step 2 and (2) the ALJ improperly discounted the opinion of Dr. Clemente Zulueta, one of Mr. Henson's treating physicians.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not find that Mr. Henson's depression and anxiety were "severe" at Step 2.

This argument is without merit. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

Yet, here, the ALJ specifically identified "anxiety not otherwise specified" and "major depressive disorder" as severe impairments. Further, he included various mental limitations in the RFC finding. Notably, Plaintiff does not dispute those limitations. Therefore, it seems that

4

Plaintiff is questioning the semantics of the ALJ's decision. The Court finds no error at Step 2.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinion of Dr. Clemente Zulueta, one of Mr. Henson's treating physicians.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In June 2019, Dr. Zulueta completed a questionnaire in which he opined that Mr. Henson could lift up to 20 pounds; stand two hours total and sit one hour total in an eight-hour workday; occasionally balance; and never climb, stoop, crouch, kneel, or crawl. Dr. Zulueta further opined that Mr. Henson had poor or no ability to deal with the public and work stresses; and fair ability to follow work rules, relate to co-workers, use judgment, function independently, and maintain attention and concentration.

As the medical basis for his opinion, Dr. Zulueta simply pointed to Mr. Henson's "disc herniation L5-S1, central canal stenosis," "low back pain disc L5-S1" (which Dr. Zulueta rated as moderate), and "GAD" (generalized anxiety disorder) (AR 1019-20).

It is clear from the decision that the ALJ considered this opinion, as he was required to do under the regulations applicable to the case (AR 20-21).5 20 C.F.R. § 404.1527. However, he gave it little weight. He first noted that "no treating source indicated the claimant was disabled or

had limitations greater than described herein with the exception of Dr. Zulueta."

Then, the ALJ emphasized that the opinion was "inconsistent with his own treatment records and with the evidence as a whole," citing Dr. Zulueta's description of MRI results and various normal physical and mental examination findings. The ALJ pointed out that Dr. Zulueta "routinely characterized the claimant as alert and fully oriented" and characterized physical symptoms as "mild" and adhered to conservative treatment.  All of which detract from the June 2019 opinion of extreme physical and mental limitation.

The Court notes that the ALJ did not dispute Mr. Henson's significant back problems and chronic pain. Indeed, he acknowledged that those were severe impairments at step two and determined that Mr. Henson was capable of only a very limited range of light work as a result. Yet, the mere presence of back problems, coupled with conservative treatment, and inconsistency with the medical evidence in the record, did not, clearly demonstrate that Mr. Henson was as limited as Dr. Zulueta opined. The Court finds no error in this regard.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.     Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 13th day of May, 2021.



**Signed By:**
<u>**Henry R Wilhoit Jr.**</u>
**United States District Judge**